Sealed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**17-24624**

FILED by _M_ D.C.
DEC 20 2017
STEVEN M. LARIMORE
CLERK U.S. DIST CT
S. D. of FLA. – MIAMI

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ROBERT H. SHAPIRO,
WOODBRIDGE GROUP OF COMPANIES, LLC,
d/b/a WOODBRIDGE WEALTH,
RS PROTECTION TRUST,
WMF MANAGEMENT, LLC,
WOODBRIDGE STRUCTURED FUNDING, LLC,
WOODBRIDGE MORTGAGE INVESTMENT FUND 1, LLC,
WOODBRIDGE MORTGAGE INVESTMENT FUND 2, LLC,
WOODBRIDGE MORTGAGE INVESTMENT FUND 3, LLC,
WOODBRIDGE MORTGAGE INVESTMENT FUND 3A, LLC,
WOODBRIDGE MORTGAGE INVESTMENT FUND 4, LLC,
WOODBRIDGE COMMERCIAL BRIDGE LOAN FUND 1, LLC,
WOODBRIDGE COMMERCIAL BRIDGE LOAN FUND 2, LLC,
144 WOODBRIDGE-AFFILIATED PROPERTY LIMITED LIABILITY COMPANIES,
131 WOODBRIDGE-AFFILIATED HOLDING LIMITED LIABILITY COMPANIES,

    Defendants, and

JERI SHAPIRO,
WOODBRIDGE REALTY OF COLORADO, LLC
d/b/a WOODBRIDGE REALTY UNLIMITED,
WOODBRIDGE LUXURY HOMES OF CALIFORNIA, INC.,
d/b/a MERCER VINE, INC.,
RIVERDALE FUNDING, LLC,
SCHWARTZ MEDIA BUYING COMPANY, LLC,
WFS HOLDING CO., LLC,

    Relief Defendants.

CIV-COOKE

UNDER SEAL

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION TO FILE UNDER SEAL ITS COMPLAINT, EMERGENCY *EX PARTE* MOTION FOR AN ASSET FREEZE AND OTHER RELIEF, MOTION FOR APPOINTMENT OF RECEIVER, AND OTHER DOCUMENTS**

Pursuant to Local Rule 5.4 of the Local Rules of the Southern District of Florida, Plaintiff Securities and Exchange Commission ("Commission") moves to file and maintain under seal for a limited time (not to exceed four business days) its Complaint, Emergency *Ex Parte* Motion For an Asset Freeze and Other Relief, Memorandum of Law in Support of *Ex Parte* Motion for Asset Freeze, Emergency Motion for Appointment of Receiver and Memorandum of Law in Support, all other filings and Court orders, and the docket sheet.

We request the Court keep this emergency action under seal for a limited time for the identical reasons we give in our Certificate Pursuant to Rule 65(b) as to why we are not giving the Defendants prior notice of our request for an asset freeze.

As we further discuss in the *Ex Parte* Motion for an Asset Freeze and accompanying Memorandum of Law in Support, ("Freeze Motion"), the Commission is filing this action to enjoin the Defendants from violating the registration, broker-dealer, and anti-fraud provisions of the federal securities law.

From July 2012 through December 4, 2017, Woodbridge Group of Companies, LLC, d/b/a Woodbridge Wealth ("Woodbridge"), a company not registered with the Commission, its affiliated companies and its owner and manager, Robert H. Shapiro ("Shapiro"), orchestrated a massive Ponzi scheme raising in excess of $1.22 billion from over 8,400 nationwide investors. At least 2,600 of these investors unknowingly placed their life savings and retirement funds into the Ponzi scheme.

For the protection of investors to prevent further dissipation of investor assets and preserve assets that could be used to pay disgorgement, the Commission has filed the Freeze Motion, and hereby requests that these filings be sealed until further order of the Court.

As set forth in the supporting declarations and other documents submitted with the Freeze Motion, the evidence establishes that the fraudulent scheme presents substantial risk to further dissipation to investors' assets. Moreover, the Defendants, and Relief Defendants have unlawfully received millions of dollars of investors' funds, so an asset freeze is necessary to prevent certain Defendants from dissipating their assets prior to final judgment being entered in the case.

The Commission has grave concerns that if this case is not kept under seal, there is a chance the Defendants will find out about it and place assets at further risk, destroy evidence, or dissipate funds to the detriment of investors.

The Commission, therefore, asks the Court to seal the case only for a short period of time – the earlier of: (1) four business days after the date and time the Court issues an asset freeze in this matter; or (2) the day the Commission notifies the Court and Clerk of Court's that the Commission has effectuated the asset freeze and the seal is no longer necessary.[1] Upon the occurrence of either of those two events, the Clerk of Court may then unseal the docket and all papers and orders filed in this case.

Therefore, the Commission respectfully requests the Court to temporarily seal this matter according to the terms specified in this Motion.

Respectfully submitted,

Dated: December 20, 2017    By: /s/
Russell Koonin & Christine Nestor
Senior Trial Counsel
kooninr@sec.gov; nestorc@sec.gov
FL Bar No.: 474479; FL Bar No. 597211

---

[1] In order to effectuate the asset freeze while the case is sealed, the Commission will be providing some or all of the papers and orders in this action to individuals or entities that hold property or assets of certain of the Defendants. After the Commission has effectuated the asset freeze, we plan on serving the Defendants and Relief Defendants with all of the papers and orders in this action.

Telephone: (305) 982-6385; (305) 982-6367

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154