UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

___ SEALED
___ NOT SEALED

CASE NO.: 17-24624-CIV-COOKE

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

Per Local Rule 5.4(d), the matter(s) shall remain sealed.
____ years; ____ (specific date);
____ permanently; ____ (other).

v.

ROBERT H. SHAPIRO,
WOODBRIDGE GROUP OF COMPANIES, LLC,
d/b/a WOODBRIDGE WEALTH,
RS PROTECTION TRUST,
WMF MANAGEMENT, LLC,
WOODBRIDGE STRUCTURED FUNDING, LLC,
WOODBRIDGE MORTGAGE INVESTMENT FUND 1, LLC,
WOODBRIDGE MORTGAGE INVESTMENT FUND 2, LLC,
WOODBRIDGE MORTGAGE INVESTMENT FUND 3, LLC,
WOODBRIDGE MORTGAGE INVESTMENT FUND 3A, LLC,
WOODBRIDGE MORTGAGE INVESTMENT FUND 4, LLC,
WOODBRIDGE COMMERCIAL BRIDGE LOAN FUND 1, LLC,
WOODBRIDGE COMMERCIAL BRIDGE LOAN FUND 2, LLC,
144 WOODBRIDGE-AFFILIATED PROPERTY LIMITED
LIABILITY COMPANIES,
131 WOODBRIDGE-AFFILIATED HOLDING LIMITED
LIABILITY COMPANIES,

UNDER SEAL

Defendants, and

JERI SHAPIRO,
WOODBRIDGE REALTY OF COLORADO, LLC
d/b/a WOODBRIDGE REALTY UNLIMITED,
WOODBRIDGE LUXURY HOMES OF CALIFORNIA, INC.,
d/b/a MERCER VINE, INC.,
RIVERDALE FUNDING, LLC,
SCHWARTZ MEDIA BUYING COMPANY, LLC,
WFS HOLDING CO., LLC,

Relief Defendants.

___

**ORDER GRANTING PLAINTIFF SECURITIES AND EXCHANGE
COMMISSION'S MOTION TO FILE PLEADINGS UNDER SEAL**

**THIS MATTER** is before the Court on the Plaintiff's Motion to File Under Seal its Complaint, *Ex Parte* Emergency Motion for an Asset Freeze and Other Relief and accompanying Memorandum of Law, Emergency Motion for Appointment of Receiver, and Other Documents [D.E. 3]. The Plaintiff having shown good cause that the Court should temporarily seal this matter to allow Plaintiff to effectuate the asset freeze this Court is ordering, it is:

**ORDERED AND ADJUDGED** that the Complaint, *Ex Parte* Emergency Motion for an Asset Freeze and Other Relief, and Memorandum of Law in Support, Emergency Motion for Appointment of Receiver and Memorandum of Law in Support, all other pleadings, motions, exhibits, papers, and any and all Court Orders in this matter, including this Order, and the docket sheet, shall be sealed until the earlier of: (1) four business days after the date and time the Court issues an asset freeze in this matter; or (2) the day the Commission notifies the Court and Clerk of Court's that the Commission has effectuated the asset freeze and the seal is no longer necessary. Upon the occurrence of either of those two events, the Clerk of Court may then unseal the docket and all papers and orders filed in this case.

In order to effectuate the asset freeze while the case is sealed, the Commission may provide documents and orders to individuals or entities that hold property or assets of certain of the Defendants. After effectuating the asset freeze, the Commission shall serve the Defendants and Relief Defendants with all of the papers and orders in this action.

**DONE AND ORDERED** this 20th day of December, 2017, at Miami, Florida.

_____
UNITED STATES DISTRICT JUDGE

Copies to:
Russell Koonin & Christine Nestor
Senior Trial Counsel

2

kooninr@sec.gov; nestorc@sec.gov
Telephone: (305) 982-6385; (305) 982-6367
Attorneys for Plaintiff
Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile:  (305) 536-4154

*Counsel for Securities and Exchange Commission*