

LEVINE
KELLOGG
LEHMAN
SCHNEIDER +
GROSSMAN LLP

201 South Biscayne Blvd.
22nd Floor, Miami Center
Miami, Florida 33131
Phone: 305.403.8788
Fax: 305.403.8789

JEFFREY C. SCHNEIDER, P.A.
EMAIL: jcs@lklsg.com
DIRECT LINE: 305.403.8799

December 12, 2017

**VIA ELECTRONIC MAIL**

Mr. Eric I. Bustillo, Regional Director
Mr. Andrew O. Schiff, Regional Trial Counsel
U.S. Securities and Exchange Commission
Miami Regional Office
801 Brickell Ave., Suite 1800
Miami, Florida 33131

      RE:    *Woodbridge Group of Companies, LLC, et al.*

Dear Messrs. Bustillo and Schiff:

      This letter responds to your inquiry regarding my willingness and qualifications to serve, if selected, as a court-appointed receiver in connection with an action to be initiated by the United States Securities and Exchange Commission ("SEC") against the Woodbridge Group of Companies and its affiliated entities, some of which are currently debtors in the United States Bankruptcy Court for the District of Delaware pursuant to cases jointly administered under the main bankruptcy case, Case No. 17-12560 (KJC). The bankruptcy filing includes (and the receivership would include) the 235 Limited Liability Companies ("235 LLCs") through which the Woodbridge Group of Companies held title to the real properties purchased with investor monies.

      I very much appreciate being considered to serve in this important capacity. It is, indeed, an honor. In this submission, I will first discuss, in Section 1, my qualifications and experience to serve as receiver in this case. In Section 2, I will discuss my law firm's resources to handle this matter; the legal and forensic team that I would assemble; and the fee reductions that I will provide and insist upon from members of that team that are not part of my firm).

      1.    **My qualifications and experience.**

      Enclosed for your review is my resume. As you can see from my resume, I am the current Chair of my firm's Receivership Practice Group. I have served in that capacity, or as Co-Chair, since my firm's inception. I also served as Co-Chair of the Receivership Practice Group at my previous law firm. I am also managing partner of my firm (and, again, have been since my firm's

**EXHIBIT M**

Eric I. Bustillo, Esq., Regional Director
Andrew O. Schiff, Esq., Regional Trial Counsel
December 12, 2017
Page 2

inception).

Throughout the course of my 25-year career, I have served as receiver in actions brought by the SEC, the Commodity Futures Trading Commission ("CFTC"), the Federal Trade Commission ("FTC"), and the State of Florida, Office of the Attorney General ("AG"). I have been appointed by District Court judges located in the Northern District of Alabama, the Northern District of Illinois, and of course, the Southern District of Florida. I have also been appointed by state court judges located in Miami-Dade, Broward, and Palm Beach counties.

I have also acted as lead or special counsel to SEC, CFTC and FTC receivers in numerous eight-figure and nine-figure receiverships. In the Jay Peak case, for example, I am special counsel to the Receiver, Michael I. Goldberg, and I helped to recover $150 million for the investors. I also served as lead counsel for a class of investors in a nine-figure receivership (Mutual Benefits); in that case alone, I helped to recover approximately $75 million – representing a 100% recovery – for the group of investors that I represented.

Throughout the course of my career, I have been fortunate enough to help to recover well over $250 million for defrauded victims. My resume also details my background in commercial and securities litigation, which I believe is pertinent to my qualifications to serve as a court-appointed receiver in an action brought by the SEC.

My most recent significant appointment was a case brought by both the FTC and the AG in the United States District Court for the Southern District of Florida styled *Federal Trade Commission and State of Florida vs. Inbound Call Experts, LLC, et al.* The Inbound Call case was an alleged computer software protection scam that targeted the elderly. The entities generated over $100 million from literally thousands of consumers. At the time of my appointment, Inbound Call was an operating entity. Indeed, it was one of many operating entities placed in receivership that were then providing technical support services from multiple locations to well over 1,000 consumers. The main location was a stand-alone building that housed over 500 employees and operated 24-hours a day. A second location was several miles away, and housed approximately 50 employees. Technical support services were also being provided through third-party call centers located in the Philippines, the Dominican Republic, and Honduras. In addition, the defendants made it known at the outset of the case that they planned on challenging the FTC's and the AG's entitlement to injunctive relief. It was, therefore, critical that I maintain the status quo during the pendency of the receivership.

Utilizing the resources of my firm, I dispatched two teams for the take down of the two locations and managed to prevent chaos from erupting as I advised approximately 500 employees of the enforcement action that had been brought, the order that had been issued, my role as receiver, and what to expect during the pendency of the action. I was thereafter able to locate and secure the assets – while at the same time managing the entities' operations – for a period of six

Eric I. Bustillo, Esq., Regional Director
Andrew O. Schiff, Esq., Regional Trial Counsel
December 12, 2017
Page 3

weeks until the Court held a several-day hearing on the FTC's and the AG's entitlement to injunctive relief (at which I testified). Because the entities had changed the way they operated shortly before the initiation of the receivership, thus eliminating the risk of continuing harm, the Court agreed that there was a likelihood of success, but disagreed that there was a need to continue the receivership, so the Court restored operations to the defendants and asked that I hold a fund to compensate victims at the conclusion of the case ($2 million). Importantly, there was not a single complaint – by the Court, the FTC, the AG, the consumers, or the defendants – about the way in which I managed the entities during the hiatus. In other words, there was a seamless transition from Inbound Call's pre-receivership operations, to my management of the entities during the pendency of the receivership, and then back to the defendants after the Court so ordered. Judge Marra has since appointed me as a Monitor – for a period of two years – to ensure that the defendants are complying with their obligations under a Permanent Injunction to which they agreed.

Since the Inbound Call case, I have been appointed in a number of "tech support" cases located throughout the country, including *Federal Trade Commission and State of Alabama vs. Troth Solutions, Inc., et al.*, a case brought by the FTC and the AG in the United States District Court for the Northern District of Alabama; *Federal Trade Commission and State of Florida vs. Big Dog Solutions LLC*, a case brought by the FTC and the AG in the United States District Court for the Northern District of Illinois; *Office of the Attorney General, State of Florida vs. Go Ready Calls Marketing, LLC, et al.*, a case brought by the AG in state court in Palm Beach County; and *Office of the Attorney General, State of Florida vs. Learn More Media, LLC*, a case brought by the AG in state court in Broward County.

Before the Inbound Call case, I served as receiver in SEC and CFTC actions, both of which were brought in the United States District Court for the Southern District of Florida, styled *Securities and Exchange Commission vs. Trade-LLC, et al.* and *Commodity Futures Trading Commission vs. Trade-LLC, et al.* The Trade action involved approximately $30 million and a number of complicated financial transactions. In that case, I brought a number of fraudulent transfer and "claw-back" lawsuits and located, marshalled, secured, seized, and liquidated homes, apartments, cars, jewelry, and other valuables. I also testified at the CFTC's trial on damages against two of the individual defendants; the District Court accepted my figures and was complimentary of our work. In the Trade case, with the assistance of the SEC and the CFTC, we recovered and distributed approximately 34% in two years, and then closed the case.

Just before the Trade case, I served as co-lead counsel for the receiver in an SEC action brought in the United States District Court for the Southern District of Florida styled *Securities and Exchange Commission vs. Pension Fund of America, L.C., et al.* The Pension Fund action involved over $125 million and an incredibly-complicated flow of money between the United States and Latin America. In that case, I tried a several day contempt hearing that resulted in a strongly-worded finding of contempt against the principal protagonist of the fraud. Judge Moore

Eric I. Bustillo, Esq., Regional Director
Andrew O. Schiff, Esq., Regional Trial Counsel
December 12, 2017
Page 4

also referred the matter to the United States Attorney's Office. I am happy to report that, in the Pension Fund case, we recovered approximately $40 million.

Just before the Pension Fund case, I served as lead counsel for the receiver in an SEC action brought in the United States District Court for the Middle District of Florida styled *Securities and Exchange Commission vs. Viatical Capital, Inc., et al*. The Viatical Capital case involved approximately $50 million and required us to reconstruct the flow of money among dozens of different entities. In the Viatical Capital case, we recovered approximately $30 million, all of which has already been distributed to the victims of the fraud.

Just before the Viatical Capital case, I served as lead counsel for the receiver in an action brought by both the SEC and the CFTC in the United States District Court for the Southern District of Florida styled *Securities and Exchange Commission/Commodity Futures Trading Commission vs. Sunstate FX, Inc., et al.* The Sunstate case involved approximately $30 million. We also worked closely with the United States Attorney's Office. With the help of my testimony at the sentencing hearing, the principal in the Sunstate case was sentenced to over five years.

In addition to my receivership work, my practice for the past twenty-five years has been concentrated in complex financial litigation in both federal and state courts, in bankruptcy court, and in arbitration proceedings. I routinely try, as lead counsel, complex business disputes and have represented individuals and entities in securities matters, class actions, bankruptcy litigation, and international litigation and arbitration.

Based on this in-depth experience in both receivership and complex litigation, I believe that I am uniquely suited, and my firm is well-equipped, to quickly and efficiently administer large and complex receivership cases with speed and efficiency.

**2.     My legal and forensic team.**

My law firm is a sophisticated boutique firm. We are former "big firm" attorneys, having spent decades at large firms working on large, complex matters, but we pride ourselves on having created a boutique firm that provides the same level of sophistication at a fraction of the expense. Indeed, we founded the firm on that premise; large, complex matters do not require multiple levels of lawyers and should not entail the exorbitant cost structure associated with large law firms.

One of my partners (Tom Lehman) has decades of experience representing debtors, creditors, creditors' committees, management groups, and litigation targets in Chapter 11 bankruptcy proceedings. He will be particularly helpful on this case as we navigate through the recent bankruptcy filing in the District of Delaware. Tom has handled all aspects of bankruptcy work, and has worked on some of the largest bankruptcy cases in the country, including *In re Model Imperial, Inc., In re New Piper Aircraft Corp.,* and *In re Omni Capital Group, Inc.*, just to

Eric I. Bustillo, Esq., Regional Director
Andrew O. Schiff, Esq., Regional Trial Counsel
December 12, 2017
Page 5

name a few. He is at our disposal to work on this case.

I have a number of litigation partners (Lawrence Kellogg, Stuart Grossman, Stephanie Traband, Robin Rubens, Jason Kellogg, and Jezabel Lima) that have worked with me, David Levine, and Tom in our various receivership and bankruptcy cases throughout the years. They are experienced in this area and are, likewise, at our disposal to work on this case.

I have incredibly-bright associates that have also worked with us on our various receivership and bankruptcy cases throughout the years. They are also experienced in this area and are available to work on this case. I also have two paralegals that specialize in receivership and bankruptcy work. Indeed, one of my paralegals has an MBA and helped me administer the $30-million claims process in the Trade case. That was an enormous undertaking, and because of her hourly rate, we were able to keep the expenses of that case to a minimum.

In short, I have spent the vast majority of my legal career working on receivership matters, and my partners and colleagues have as well. We fully appreciate the challenges of these cases, particularly in the early stages. This case will be especially challenging because of the complications created by the bankruptcy filing. Regardless, facilities need to be secured; bank accounts need to be frozen; assets need to be located and marshalled; electronic information needs to be protected; investors need to be notified; all while running the day-to-day operations of the receivership entities. I have been there many times, as have my partners and colleagues. We have 15 lawyers at my firm and each is experienced in these matters and available to work on this case. I know full well that large firms have hundreds, or even thousands, of lawyers. I began my career at Stroock & Stroock & Lavan, after which I moved to McDermott Will & Emery. But neither firm had more than a handful of people that were skilled in the area of receivership work. Stated differently, my 15-lawyer firm has more people experienced in this area than most large firms. And we are committed to this case.

I also appreciate the importance of managing the expenses of a receivership. We consider receivership work to be an honor and a privilege. It is public service work for which we must significantly reduce the hourly rate we charge typical commercial clients, because my goal, naturally, is to maximize recoveries to the victims. To that end, my current hourly rate is $605.00 an hour. **For purposes of serving in this case, however, I am willing to reduce and cap my hourly rate at $260.00 per hour.** Partners at my firm have hourly rates that range from $475.00 to $630.00 per hour, but **I would agree to reduce and cap my partners' rates at $250.00 per hour**. Associates of my firm have hourly rates that range from $345.00 to $390.00 per hour, but **associates of my firm would be reduced and capped at $200 per hour**. Paralegals would be billed at $125.00 per hour. Wherever possible, I will attempt to use those professionals with the lowest billing rate. Incidentally, these are the rates that I used in the Trade case, which was filed seven years ago.

Eric I. Bustillo, Esq., Regional Director
Andrew O. Schiff, Esq., Regional Trial Counsel
December 12, 2017
Page 6

This case will also require the services of a forensic accountant. I have worked closely with Soneet Kapila of Kapila Mukamal LLP and Maria Yip of Yip & Associates. I am confident that I will be able to expedite the retention of a forensic accountant and I am confident that they will also provide substantial discounts from their standard hourly rates.

### 3. Conclusion.

Again, I am honored to be considered to serve in this very important capacity. It would be a privilege to serve as receiver in this case, and I am confident that I will achieve the objectives of the SEC and the District Court, if appointed.

Thank you for your consideration. A signed copy of the SEC's Billing Instructions for Receiver's in Civil Actions is attached to this letter, along with a signed copy of the Conflicts of Interest and Background Information form.

Sincerely,

Jeffrey C. Schneider, P.A.

10W8899.DOC

# JEFFREY C. SCHNEIDER
### FOUNDING PARTNER



E | jcs@lklsg.com
D | 305.403.8799
F | 305.403.8789

### PRACTICE AREAS
Bankruptcy and Receiverships
Complex Commercial Litigation
International Litigation & Arbitration
Professional Malpractice
Securities Litigation
Title Insurance Litigation

## BIOGRAPHY

Jeffrey C. Schneider is a trial lawyer whose practice focuses on complex commercial litigation, receiverships, and international arbitration. Mr. Schneider is a founding partner who has been Managing Partner of the Firm since its inception. Mr. Schneider also Chairs the Firm's Receivership Group. Mr. Schneider has been trying complex, high-risk cases in federal and state trial courts, and in arbitration proceedings, for nearly twenty-five years. Mr. Schneider has worked on some of the largest fraud cases in history, either as lead trial counsel, as receiver, or as counsel to the receiver. Mr. Schneider has helped to recover over $100 million for defrauded victims, and is considered an expert on Ponzi schemes. Mr. Schneider is known for his creative and passionate approach to litigation and receivership work. Mr. Schneider is a frequent lecturer in the areas of receivership litigation and international litigation and arbitration.

## AREAS OF EXPERIENCE

- Bankruptcy and Receiverships
- Complex Commercial Litigation
- International Litigation & Arbitration
- Professional Malpractice
- Securities Litigation
- Title Insurance Litigation

## AWARDS AND RECOGNITIONS

- Named one of "12 to Watch in 2012" by **Attorney at Law** Magazine.
- Listed in **The Best Lawyers in America** in the areas of commercial litigation and Bankruptcy and Creditor Debtor Rights/Insolvency and Reorganization Law, 2013-2016 Editions.
- Listed in **Florida Trend's** Florida Legal Elite, 2004-2016 Editions, representing the top 2% of the 54,000 Florida Bar Members.
- Listed in the **South Florida Legal Guide's** "Top Lawyers" list, 2009-2016 Editions.
- Received **Miami Daily Business Review** "2005 Most Effective Lawyers Award" in the area of class action litigation.
- Finalist for **Miami Daily Business Review** "2007 Most Effective Lawyers Award" in the area of bankruptcy and receiverships.
- Finalist for **Miami Daily Business Review** "2010 Most Effective Lawyers Award" in the area of complex business litigation.
- Listed in **Florida Super Lawyers**, 2006-2015 Editions, representing the top 5% of Florida attorneys.
- Listed in **Who's Who Among Executives and Professionals**, Honors Edition.
- Listed in **South Florida's Top Rated Lawyers** list, 2012-2015 Editions.
- Martindale-Hubbell "AV" Rated (the highest available rating).
- Senior Editor of **The Florida Law Review**.
- Recipient of the Achievement Award in Scholarship from the University of Florida School of Law.
- Authored the article, "Recently enacted Federal Legislation Providing Moral Rights to Visual Artists," published in "**The Florida Law Review**," Vol. 43, No.1, January 1991.

## SIGNIFICANT REPRESENTATIONS AND APPOINTMENTS

### RECEIVERSHIP WORK

- **Philip Milton–** Appointed by the Commodity Futures Trading Commission to serve as a Federal equity receiver in a $25 million fraud. The action is currently pending in the United States District Court for the Southern District of Florida
- **Trade-LLC,** – Appointed by the Securities and Exchange Commission to serve as a Federal equity receiver. The action is currently pending in the United States District Court for the Southern District of Florida.

LEVINE
KELLOGG
LEHMAN
SCHNEIDER+
GROSSMAN LLP

201 South Biscayne Boulevard
22nd Floor, Miami Center
Miami, Florida 33131

# JEFFREY C. SCHNEIDER
## FOUNDING PARTNER



E | jcs@lklsg.com
D | 305.403.8799
F | 305.403.8789

### PRACTICE AREAS

Bankruptcy and Receiverships
Complex Commercial Litigation
International Litigation & Arbitration
Professional Malpractice
Securities Litigation
Title Insurance Litigation

- **Inbound Call Experts,** – Appointed by the Federal Trade Commission and the State of Florida, Office of the Attorney General, to serve as a Federal equity receiver. The action is currently pending in the United States District of Florida.
- **PC Help Desk US** – Appointed by the Federal Trade Commission and the State of Florida, Office of the Attorney General, to serve as a Federal equity receiver. The action is currently pending in the United States District for the Northern District of Illinois.
- **American Precious Metals,** – Lead trial counsel to the receiver of an alleged precious metals boiler room. The actions was filed in the United States District Court for the Southern District of Florida. The action was initiated by the Federal Trade Commission.
- **The Dolce Group** – Lead trial counsel to the receiver of a fraudulent boiler room. The action was filed in the United States District Court for the Southern District of Florida. The action was initiated by the Federal Trade Commission.
- **Amante** – Lead trial counsel to the receiver of a fraudulent boiler room. The action was filed in the United States District Court for the Southern District of Florida. The action was initiated by the Securities and Exchange Commission.
- **Mutual Benefits Corporation** – Represented class representatives in a class action filed in the Mutual Benefits receivership proceeding pending in the United States District Court for the Southern District of Florida. After less than one year of litigation, the court returned $105 million dollars to the class representatives and all members of the class.
- **Viatical Capital, Inc.** – Lead trial counsel to the receiver of Viatical Capital, Inc. and its affiliates arising out of their fraudulent sale of $59 million in securities. This action was filed in the United States District Court for the Middle District of Florida.
- **Ameritel Payphone Distributors, Inc.** – Lead trial counsel to the receiver of Ameritel Payphone Distributors, Inc. The action was pending in the United States District Court for the Southern District of Florida. The action was initiated by the Federal Trade Commission. Mr. Schneider worked closely with the Federal Trade Commission and the Assistant United States Attorney, resulting in a criminal conviction against the principal protagonist of the fraud.
- **USA Beverages, Inc.** – Lead trial counsel to the receiver of USA Beverages, Inc. arising out of its violation of federal law. The action was filed in the United States District Court for the Southern District of Florida. The action was initiated by the Federal Trade Commission.
- **Nationwide Connections, Inc.** – Lead trial counsel to the receiver of Nationwide Connections, Inc. arising out of its violation of federal law. The action was filed in the United States District Court for the Southern District of Florida. The action was initiated by the Federal Trade Commission.
- **Medco, Inc.** – Lead trial counsel to the receiver of Medco, Inc. in several actions arising out of its fraudulent sale of securities pending in the United States District Court for the Southern District of Florida. The Court returned over $5 million to defrauded investors. Mr. Schneider worked closely with the Securities and Exchange Commission and the Assistant United States Attorney, resulting in a criminal conviction against the principal protagonist of the fraud.
- **Bridgeport and Associates, Inc.** – Lead trial counsel to the receiver of Bridgeport and several affiliates in several actions arising out of a shut-down of these entities by the Federal Trade Commission pending in the United States District Court for the Southern District of Florida.
- **SunState FX, Inc.** – Lead trial counsel for the receiver of SunState in several actions arising out of SunState's securities fraud in South Florida pending in the United States District Court for the Southern District of Florida. The Court returned several millions of dollars to defrauded investors. Mr. Schneider worked closely with the Securities and Exchange Commission and the Assistant United States Attorney, resulting in a criminal conviction against a principal protagonist of the fraud.

## TRIAL WORK

- **Fannie Mae** – Lead trial counsel for Fannie Mae in connection with a preliminary injunction proceeding against the Ben Ezra & Katz law firm. The preliminary injunction was issued, and subsequently affirmed by the appellate court.
- **Gloab Marketing** – Lead trial counsel for an American entity against claims by a publicly-traded Russian entity involving mining rights in excess of $100 million. The proceeding was settled after a one-week ICDR trial.
- **AgraCity** – Lead trial counsel for a Canadian entity against claims by an American entity involving ten million dollars on commodities shipped from Russia. The proceeding was settled after a two-week ICDR trial.
- **Fisher Island** – Co-lead trial counsel for the Plaintiff in a foreclosure action involving money laundering allegations against a national bank. The case was tried and judgment was issued in favor of the Plaintiff.
- **Carnival Corporation** – Lead trial counsel for Carnival in a breach of contract and fraud action pending in the United States District Court for the Southern District of Florida. The case was settled successfully for Carnival a few weeks before trial.

LEVINE
KELLOGG
LEHMAN
SCHNEIDER+
GROSSMAN LLP

201 South Biscayne Boulevard
22nd Floor, Miami Center
Miami, Florida 33131

# JEFFREY C. SCHNEIDER
## FOUNDING PARTNER



E | jcs@lklsg.com
D | 305.403.8799
F | 305.403.8789

### PRACTICE AREAS

Bankruptcy and Receiverships
Complex Commercial Litigation
International Litigation & Arbitration
Professional Malpractice
Securities Litigation
Title Insurance Litigation

- **HIP Health Plan of Florida, Inc.** – Lead trial counsel for HIP in actions arising out of provider and other agreements. All of the cases were favorably settled before trial.
- **Personnel One** – Lead trial counsel for Personnel One in a matter pending in the United States District Court for the Southern District of Florida alleging violations of the Americans With Disabilities Act. The matter was settled without Personnel One having to pay any money.
- **Charles Bosco** – Lead trial counsel in an Arbitration in which allegations of breach of fiduciary duty and mismanagement were made. The matter was favorably settled before trial.
- **Premier Practice Management** – Lead trial counsel for Premier Practice Management in several actions against former physicians associated with the practice alleging breach of contract, breach of non-competition provisions, and violations of trade secret laws.
- **Lightech Electronics of North America** – Lead trial counsel for Lightech in an action accusing Lightech of violating non-compete provisions and trade secret laws. The matter was settled without Lightech having to pay any money.
- **Benchmark Office Solutions** – Lead trial counsel for Benchmark in an action pending in the United States District Court for the Southern District of Florida in which Benchmark was accused of violating non-compete provisions, non-solicitation provisions, and trade secret laws. The matter was favorably settled just a few days before the preliminary injunction hearing.
- **Palmer Ranch Development, Ltd.** – Represented, along with another member of the Firm, Palmer Ranch in several actions pending in Sarasota County, Florida.

## BAR AND COURT ADMISSIONS

- Florida
- United States District Court for the Southern and Middle Districts of Florida
- United States Bankruptcy Court for the Southern District of Florida
- United States Court of Appeals for the Eleventh Circuit
- United States Supreme Court

## EDUCATION

- Florida State University (B.S., Double Major: Economics and Political Science)
- University of Florida School of Law (J.D., with honors)

## PROFESSIONAL AND COMMUNITY INVOLVEMENT

- The Florida Bar, Member
- Board of Directors of Dade County Bar Association, Young Lawyers Section, Former Member
- American Bar Association, Member








LEVINE
KELLOGG
LEHMAN
SCHNEIDER+
GROSSMAN LLP

201 South Biscayne Boulevard
22nd Floor, Miami Center
Miami, Florida 33131