UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-24624-CIV-COOKE

SECURITIES AND EXCHANGE COMMISSION,    )
                                        )
                    Plaintiff,          )
                                        )
v.                                      )
                                        )
ROBERT H. SHAPIRO, et al.,              )
                                        )
                    Defendants.         )
_____

**SECURITIES AND EXCHANGE COMMISSION'S MOTION TO HOLD ROBERT H. SHAPIRO IN CONTEMPT AND SUPPORTING MEMORANDUM OF LAW**

**I.   INTRODUCTION**

Defendant Robert H. Shapiro has ignored this Court's Order requiring his family trust, RS Protection Trust ("RS Trust"), of which Shapiro is the trustee, to provide to the Court and the Securities and Exchange Commission ("Commission") a sworn accounting of RS Trust's assets and a sworn identification of all its accounts. RS Trust has filed nothing with the Court, and the only thing Shapiro's counsel provided to the Commission was a letter advising of Shapiro's intention to assert his Fifth Amendment privilege.

Under these facts, the Court should hold Shapiro in contempt. All the requirements for contempt are satisfied: the Court issued a valid unambiguous order that Shapiro could have caused RS Trust to comply with. Shapiro's assertion of his self-incrimination privilege provides him no cover: RS Trust has no Fifth Amendment privilege (and neither does Shapiro in his capacity as trustee), and Shapiro could have easily caused RS Trust to comply by providing the records to a professional to prepare the accounting. Therefore, the Court should hold Shapiro in contempt.

## II.      PROCEDURAL HISTORY

On December 20, 2017, the Commission filed its complaint charging, among others, Shapiro and RS Trust with violating anti-fraud and registration provisions of the federal securities laws. [DE 1, 22] Simultaneously with the complaint, Commission filed an Emergency *Ex Parte* Motion for Asset Freeze and Other Relief seeking an order that, among other things, would freeze the assets of Shapiro and RS Trust and require them to provide a sworn accounting. [DE 5] The Court granted the Motion that same day [DE 13], and the Commission sent the Order to Shapiro's counsel.[1] With respect to the issue of the accounting, the Order (as subsequently amended[2]) provides as follows:

> IT IS FURTHER ORDERED AND ADJUDGED that within ten (10) days of the issuance of this Order, Shapiro and RS Trust shall:
>
> (a)   make a sworn accounting to this Court and the Commission of all assets, funds, or other properties held jointly or individually, wherever situated, stating the location, value, and disposition of each such asset, fund, and other property; and
>
> (b)   provide to the Court and the Commission a sworn identification of all accounts (including, but not limited to, bank accounts, savings accounts, securities accounts and deposits of any kind) in which Defendants Shapiro and RS Trust (whether solely or jointly) directly or indirectly (including through a corporation, partnership, relative, friend or nominee), either has an interest or over which it has the power or right to exercise control.

[DE 13, 41]

The January 2, 2018 due date for the sworn accounting came and went with nothing being filed or submitted to the Commission. On January 4, 2018, the Commission received a

---

[1] A copy of the email forwarding the Order to Shapiro's counsel is attached as Exhibit 1.

[2] Shapiro's counsel stipulated to the amendment to the Order. *See* DE 37, Joint Agreed Motion to Continue Asset Freeze (Dec. 27, 2017).

letter from Shapiro's counsel stating that Shapiro would be asserting his Fifth Amendment privilege.[3] RS Trust has submitted nothing to either the Court or the Commission.

## III. STATEMENT OF FACTS

RS Trust was formed in Nevada in June 25, 2013,[4] with Shapiro as "Grantor" and "Family Trustee," Premier Trust, Inc. ("Premier") as "Independent Trustee,"[5] and Shapiro's two adult stepchildren as beneficiaries. Shapiro's express purposes in setting up the trust were to protect assets from creditors and avoid taxes.[6] *See Klabacka v. Nelson*, 394 P.3d 940, 951 (Nev. 2017) (Nevada statute was designed "seemingly in an effort to attract the trust business of those individuals seeking maximum asset protection") (citation and quotation omitted). As trustee, Shapiro has broad powers, including the ability to have custody of RS Trust's assets, open accounts, and hire professionals such as lawyers and accountants.[7]

RS Trust was the direct or indirect owner of the hundreds of limited liability companies comprising the "Woodbridge Group Enterprise," which, at the time of its bankruptcy filing, had assets estimated at $650 million to $750 million and liabilities to investors and trade creditors of $982 million.[8]

---

[3]See letter attached as Exhibit 2.

[4]A copy of the Trust Agreement is attached as Exhibit 3.

[5]Premier's only role appears to be to collect an annual fee. It disclaims any knowledge of any trust assets. See correspondence attached as Exhibit 4.

[6]Exh. 3 (Trust Agreement), § 1.2.

[7]*Id.*, §§ 5.2, 5.7.A, 6.1.A-6.1.W.

[8]*In re Woodbridge Group of Companies, LLC*, Case 17-12560-KJC (Bankr. D. Del.), Declaration of Lawrence R. Perkins, Dec. 4, 2017, at p.3 ¶ 14, p.7-8 ¶¶ 17-18, p.11 ¶ 24, p.19, ¶ 43, p.33, Exh. A. The Perkins Declaration was filed in this action at DE 36-21.

## IV. THE COURT SHOULD HOLD SHAPIRO IN CIVIL CONTEMPT FOR FAILING TO CAUSE RS TRUST TO COMPLY WITH THE ORDER

To hold Shapiro in civil contempt, the Commission must demonstrate by clear and convincing evidence that:

1. The order at issue "was valid and lawful."

2. "[T]he order was clear and unambiguous.

3. Shapiro "had the ability to comply with the order."

*FTC v. Leshin*, 618 F.3d 1221, 1232 (11th Cir 2010) (citation and quotation omitted).  Once the Commission makes this prima facie showing, the burden shifts to Shapiro "to produce evidence explaining his noncompliance at a 'show cause' hearing." *Id.* (citation and quotation omitted). Here, all three elements are clearly satisfied, and Shapiro has no basis for non-compliance.

### A. The Order Was Valid and Lawful

The Order was clearly valid and lawful.  An accounting is a frequently employed remedy, which enables the Commission to determine the party's profits, the present location of proceeds, and the party's ability to repay.  *See SEC v. Tannenbaum*, 2007 WL 2089326, *4 (E.D.N.Y. July 19, 2007) *SEC v. Lybrand*, 2000 WL 913894, *12 (S.D.N.Y. July 6, 2000); *SEC v. Margolin*, 1992 WL 279735, at *7 (S.D.N.Y. Sept. 30, 1992).

### B. The Order was Clear and Unambiguous

There can be no dispute that the order is clear and unambiguous, requiring an accounting of all of RS Trust's assets and an identification of its accounts.

### C. Shapiro Had the Ability to Cause the Trust to Comply

As its trustee, Shapiro can be liable for RS Trust's failure to comply with the Order:

> The Supreme Court long ago held that individuals responsible for the affairs of a corporation can be individually held in contempt for disobeying a known injunctive order.

> A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience and may be punished for contempt.

*Leshin*, 618 F.3d at 1236 (quoting *United States v. Fleischman*, 339 U.S. 349, 357-58 (1950)).

Here, given Premier's limited role and Shapiro's broad powers as trustee, only Shapiro could cause RS Trust to comply with the Order. Therefore, the Court should hold him in contempt for failing to do so.

### D. Shapiro's Fifth Amendment Assertion Does Not Excuse His Failure to Cause RS Trust to Comply With the Order

Because the Commission has established the three elements of civil contempt, the burden shifts to Shapiro to adequately explain his non-compliance. Shapiro's only conceivable explanation—his Fifth Amendment assertion—does not excuse his failure to cause RS Trust to comply with the Order. The Fifth Amendment's self-incrimination privilege does not apply to "artificial entities" or custodians of records of such entities. *See Braswell v. United States*, 487 U.S. 99, 102 (1988) (privilege did not apply to corporation or its sole shareholder).[9] Thus, as trustee, Shapiro has no privilege against the production of RS Trust's records.

While the Commission does not contend that Shapiro must personally sign the accounting, he controls RS Trust and can cause it to comply. In *SEC v. Dunlap*, 253 F.3d 768

---

[9] A trust falls within this rule. *See In re Grand Jury Subpoena*, 973 F.2d 45, 47-51 (1st Cir. 1992) (per curiam); *Watson v. CIR*, 690 F.2d 429, 431 (5th Cir. 1982); *United States v. Harrison*, 653 F.2d 359, 361-62 (8th Cir. 1981); *In re Grand Jury Proceedings (Hutchinson)*, 633 F.2d 754, 756-57 (9th Cir. 1980); *United States v. O'Shea*, 662 F. Supp. 2d 535, 542-48 (S.D.W. Va. 2009); *United States v. Crum*, 2001 WL 877516, *3-4 (N.D. Ind. July 18, 2001); *United States v. Kennedy*, 122 F. Supp. 2d 1195, 1198-99 (N.D. Okla. 2000).

(4th Cir 2001), the court held that Dunlap, the individual who controlled the company, was obligated to cause the company to provide an accounting notwithstanding his claim of privilege:

> Dunlap's privilege against self-incrimination does not excuse him from causing such an accounting to be created. Given his established status as control person, it is incumbent upon Dunlap to take the appropriate actions within his authority to ensure [the company's] compliance . . . .

*Id.* at 776; *accord SEC v. Cook*, 2010 WL 11537512, *9 (D. Minn. Jan 25, 2010) ("While Cook cannot be required to prepare a personal accounting, he can be required to direct that an accounting be prepared on behalf of the entities he controls.").

Here, as trustee, Shapiro clearly has the ability to cause RS Trust to comply. He has the authority under the Trust Agreement to employ an accountant and can supply that person with the records necessary to produce the accounting. What Shapiro cannot do is what he did here: cause RS Trust to ignore the Court's order when he plainly had the ability to bring it into compliance.

## CONCLUSION

For the reasons stated above, the Commission requests that the Court grant its Motion to Hold Robert H. Shapiro in Contempt.

### Certificate of Conferral

Pursuant to Local Rule 7.1(a)(3), we hereby certify that counsel for the Commission has conferred with counsel for Shapiro and counsel for RS Trust in a good faith effort to resolve the issues raised in this motion and thus far has been unable to resolve the issues. Counsel will promptly inform the Court in the event resolution is reached after the filing of this motion.

                                    Respectfully submitted,

Dated: February 8, 2018       By:   */s/ Russell Koonin & Christine Nestor*
                                              Russell Koonin & Christine Nestor
                                              Senior Trial Counsel
                                              kooninR@sec.gov; nestorc@sec.gov

FL Bar No.: 474479; FL Bar No. 597211
Telephone: (305) 982-6385; (305) 982-6367

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Ave., Suite 1800
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile:  (305) 536-4154

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic filings.

## SERVICE LIST

Adam L. Schwartz, Esq.
Kevin P. Jacobs, Esq.
Homer Bonner Jacobs
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 350-5116
aschwartz@homerbonner.com
kjacobs@homerbonner.com
*Via CM/ECF*

Ryan Dwight O'Quinn, Esq.
Elan Gershoni
DLA Piper LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131
Telephone:  305.423.8500
Ryan.OQuinn@DLAPiper.com
*Via CM/ECF*

Marcus Neiman & Rashbaum LLP
Jeffrey E. Marcus, Esq.
Michael A. Pineiro, Esq.
2 South Biscayne Boulevard
Suite 1750
Miami, Florida 33131
Telephone:  305.400.4262
jmarcus@mnrlawfirm.com
mpineiro@mnrlawfirm.com
*Via CM/ECF*

Armando Rosquete, Esq.
Armando Rosquete, P.A.
66 West Flagler Street, Suite 1000
Miami, Florida 33130
Telephone: 305.470.2060
Armando.rosquete@gmail.com
*Via CM/ECF*

Robert P. Charbonneau, Esq.
Matthew Petrie, Esq.
Agentis PLLC
501 Brickell Key Drive, Suite 300
Miami, Florida 33131
Telephone: 305.722.2002
rpc@agentislaw.com
map@agentislaw.com
*Via CM/ECF*

/s/ *Christine Nestor*
Christine Nestor, Esq.