UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-24624-CIV-COOKE

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

vs.

ROBERT H. SHAPIRO,
WOODBRIDGE GROUP OF COMPANIES, LLC,
d/b/a WOODBRIDGE WEALTH,
RS PROTECTION TRUST,
WMF MANAGEMENT, LLC,
WOODBRIDGE STRUCTURED FUNDING, LLC,
WOODBRIDGE MORTGAGE INVESTMENT FUND 1, LLC,
WOODBRIDGE MORTGAGE INVESTMENT FUND 2, LLC,
WOODBRIDGE MORTGAGE INVESTMENT FUND 3, LLC,
WOODBRIDGE MORTGAGE INVESTMENT FUND 3A, LLC,
WOODBRIDGE MORTGAGE INVESTMENT FUND 4, LLC,
WOODBRIDGE MORTGAGE COMMERCIAL BRIDGE LOAN FUND 1, LLC,
WOODBRIDGE MORTGAGE COMMERCIAL BRIDGE LOAN FUND 2, LLC,
144 WOODBRIDGE-AFFILIATED PROPERTY LIMITED
LIABILITY COMPANIES,
131 WOODBRIDGE-AFFILIATED HOLDING LIMITED
LIABILITY COMPANIES,

    Defendants, and

JERI SHAPIRO,
WOODBRIDGE REALTY OF COLORADO, LLC,
d/b/a WOODBRIDGE REALTY UNLIMITED,
WOODBRIDGE LUXURY HOMES OF CALIFORNIA, INC.,
d/b/a MERCER VINE, INC.,
RIVERDALE FUNDING, LLC,
SCHWARTZ MEDIA BUYING COMPANY, LLC,
WFS HOLDING CO., LLC

    Relief Defendants.
_____/

**ROBERT H. SHAPIRO'S MOTION TO STRIKE
PRAYER FOR DISGORGEMENT IN COMPLAINT**

1

Defendant Robert H. Shapiro, through undersigned counsel, pursuant to rule 12(f) of the Federal Rules of Civil Procedure, moves to strike the prayer for disgorgement made by the Securities and Exchange Commission (the "**SEC**") in its *Complaint for Injunctive Relief* [ECF 1] (the "**Complaint**"). The SEC's disgorgement prayer must be stricken because, as a matter of law, the SEC is not entitled to that form of relief.

### A. Background

On December 20, 2017, the SEC filed the Complaint alleging, generally, that Mr. Shapiro and his co-defendants violated various federal securities laws. Among the relief that the SEC seeks for Mr. Shapiro's alleged conduct is "disgorge[ment] of all ill-gotten gains or proceeds received from investors." Complaint at p. 42, ¶ F.

### B. Standard of Review

Pursuant to Rule 12(f) the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Among the matters that a Court can strike are "prayer[s] for relief seeking damages that are not recoverable as a matter of law." *Ariste v. Broward College*, 2015 WL 13310399, *1 (S.D.Fla. Oct. 21, 2015); *In re Sears, Roebuck & Co. Tools Marketing and Sales Practices Litigation*, 2009 WL 3460218, at *6 (N.D.Ill. Oct. 20, 2009) (striking prayer for disgorgement that plaintiff was not entitled to).

### C. Relief Requested and Basis Thereof

The Court should strike the SEC's prayer for disgorgement because the SEC is not entitled to that relief as a matter of law.

#### i. *Disgorgement is a Penalty*

In a recent landmark decision, *Kokesh v. S.E.C.* the United States Supreme Court placed significant limits on the SEC's enforcement powers vis-à-vis the oft-used remedy of disgorgement. *Kokesh v. S.E.C.*, 137 S.Ct. 1635 (2017). In an opinion closely examining whether SEC disgorgement is penal or remedial in nature, the Supreme Court unanimously held that disgorgement is a penalty. *Id.* at 1645.

The Supreme Court defined a "penalty" as "punishment, whether corporal or pecuniary, imposed and enforced by the State, for a crime or offen[s]e against its laws." *Id* at 1638. The Court reasoned this definition gave rise to two principles used to assess whether a sanction is a penalty: *first*, "whether the wrong sought to be redressed is a wrong to the public, or a wrong to an individual"; and *second,* whether the sanction is "for the

purpose of punishment, and to deter others from offending in like manner—as opposed to compensating a victim for loss*." Id.*  Applying these principles, the Supreme Court found that SEC disgorgement is a penalty.

First, the Supreme Court found that SEC disgorgement seeks to redress public wrongs because it "is imposed by courts as a consequence for violating . . . public laws" – the securities laws under the Securities and Exchange Acts. *Id* at 1643*.*  The Supreme Court stated, "[t]he violation for which [disgorgement] is sought is committed against the United States rather than an aggrieved individual—this is why, for example, a securities-enforcement action may proceed even if victims do not support or are not parties to the prosecution." *Id.*  Second, the Supreme Court found that SEC disgorgement is imposed for a punitive purpose; in fact, the "primary purpose of disgorgement orders is to deter violations by depriving violators of their ill-gotten gains." *Id.* "Sanctions imposed for the purpose of deterring infractions of public laws are inherently punitive because deterrence is not a legitimate non-punitive objective," the Supreme Court stated.  *Id* at 1644*.*  Third, the Supreme Court noted that in many cases SEC disgorgement is not compensatory.  *Id.* Funds that are disgorged from a defendant are paid to the district court, which has discretion regarding how and to whom the fuds will be distributed.  *Id.*  Consequently, in some cases courts distribute disgorgement funds to victims and in others they are paid to the U.S. Treasury.  *Id.*  Based on all this, the Court found that disgorgement "bears all the hallmarks of a penalty: it is imposed as a consequence for violating a public law and is intended to deter, not to compromise." *Id.*

The Supreme Court also explicitly rejected the SEC's arguments that disgorgement is remedial.  Unconvinced by the SEC's contention that disgorgement is remedial because it attempts to "restore the status quo," *id* at 1645, the Court observed that SEC disgorgement sometimes goes merely remedying unjust enrichment and exceeds the alleged profits obtained through a securities violation.  *Id.*  As an example, the Court pointed to insider trading cases, in which defendants who provided confidential information (*i.e.*, "tippers") had been required to disgorge the stock trading profits obtained by the tippees (those who received the confidential information)—even though the defendants did not personally receive any profits.  *Id* at 1644-45*.*  The Court also noted that, SEC disgorgement is sometimes ordered without considering the defendants' expenses which reduce his or her

"ill-gotten gains." Defendants have been required to disgorge "gross proceeds" regardless of the amount of actual gains received. *Id.* In these scenarios, the Supreme Court noted, disgorgement does not restore the status quo, it leaves the defendant in a worse position. *Id.*

Finally, although SEC disgorgement serves compensatory goals in some cases, "sanctions frequently serve more than one purpose," the Supreme Court noted. *Id.* at 1645. And, "[a] civil sanction that cannot fairly be said *solely* to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment." *Id.* In other words, the Supreme Court stated that any civil sanction that serves both remedial and penal purposes should be considered a penalty. Pursuant to the Supreme Court's holding, the fact that a disgorgement may sometimes serve a compensatory function does not render it an equitable remedy. It is a penalty and should be treated as such. *Id.*

### ii. *The SEC Cannot Obtain Disgorgement Because it is Not Statutorily Authorized.*

Because disgorgement is a penalty, the SEC cannot appeal to the Court's inherent equity powers to order it. Rather, a penalty may only be awarded if it is statutorily authorized. *See United States v. Parkinson*, 240 F.2d 918, 922 (9th Cir. 1956) ("Anything which savors of a penalty should not be permitted unless Congress has expressly so provided, since the spirit of equity abhorred such punitive measures."). In *Kokesh*, the Supreme Court highlighted that SEC disgorgement is not a statutorily-based remedy, but, rather, evolved from decades of misguided efforts to take gratuitous pounds of flesh from unsympathetic defendants:

> Initially, the only statutory remedy available to the SEC in an enforcement action was an injunction barring future violations of securities laws. In the absence of statutory authorization for monetary remedies, the Commission urged courts to order disgorgement as an exercise of their "inherent equity power to grant relief ancillary to an injunction." . . . Beginning in the 1970s, courts ordered disgorgement in SEC enforcement proceedings in order to "deprive . . . defendants of their profits in order to remove any monetary reward for violation" securities laws and to "protect the investing public by providing an effective deterrent to future violations."

4

> In 1990, as part of the Securities Enforcement Remedies and Penny Stock Reform Act, Congress authorized the commission to seek monetary penalties. The Act left the Commission with a full panoply of enforcement tools: It may promulgate rules, investigate violations of those rules and securities laws generally, and seek monetary penalties and injunctive relief for those violations. In the years since the Act, however, the Commission has continued its practice of seeking disgorgement in enforcement proceedings.

*Kokesh*, 137 S. Ct. at 1640 (internal citations omitted). The Court openly questioned the propriety of SEC disgorgement and implied that it was not authorized at all. *Kokesh*, 137 S.Ct. at 1642, FN 3 ("Nothing in this opinion should be interpreted as an opinion on whether courts possess authority to order disgorgement in SEC enforcement proceedings or on whether courts have properly applied disgorgement principles in this context."). Indeed, during oral arguments in *Kokesh*, four different justices asked questions or made comments about the issue, including Chief Justice Roberts' remark that, "One reason we have this problem is that the SEC devised this remedy or relied on this remedy without any support from Congress. If Congress had provided, here's a disgorgement remedy, you would expect them, as they typically do, to say, here's a statute of limitations that goes with it . . . the concern, it seems to me, is multiplied when it's not only no limitation, but it's something that the government kind of devised on its own. I mean, I think - - doesn't that cause concern?." Transcript of Oral Argument at 7, 13, 15-16, 31-33, 52, *Kokesh v. SEC*, WL 240741 (U.S. Apr. 18, 2017) (No. 16-526).[1] Since there is no statute authorizing disgorgement in the securities-enforcement context, there is no legal basis for an order of disgorgement against Shapiro.

Based on the foregoing, the SEC is not entitled to obtain disgorgement for Mr. Shapiro. Accordingly, the SEC's disgorgement prayer should be stricken.

---

[1] https://www.supremecourt.gov/oral_arguments/argument_transcripts/2016/16-529_21p3.pdf

EAST\151482063.1

**WHEREFORE**, Mr. Shapiro respectfully requests an Order of the Court striking the SEC's prayer for disgorgement in the complaint and for all further relief that the Court deems just and equitable.

Dated:  February 20, 2018

                                              Respectfully submitted:

                                              */s/ Elan A. Gershoni*
                                              Ryan D. O'Quinn (FBN: 513857)
                                              ryan.oquinn@dlapiper.com
                                              Elan A. Gershoni (FBN: 95969)
                                              DLA PIPER LLP (US)
                                              200 S. Biscayne Blvd., Suite 2500
                                              Miami, Florida 33131
                                              Telephone:    305.423.8500
                                              Facsimile:     305.437.8131
                                              *Attorney for the Defendant Robert H. Shapiro*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 20, 2018, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                              */s/ Elan A. Gershoni*
                                              Elan A. Gershoni