UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-24624-CIV-COOKE

SECURITIES AND EXCHANGE
COMMISSION,

            Plaintiff,

vs.

ROBERT H. SHAPIRO,
WOODBRIDGE GROUP OF COMPANIES, LLC,
d/b/a WOODBRIDGE WEALTH,
RS PROTECTION TRUST,
WMF MANAGEMENT, LLC,
WOODBRIDGE STRUCTURED FUNDING, LLC,
WOODBRIDGE MORTGAGE INVESTMENT FUND 1, LLC,
WOODBRIDGE MORTGAGE INVESTMENT FUND 2, LLC,
WOODBRIDGE MORTGAGE INVESTMENT FUND 3, LLC,
WOODBRIDGE MORTGAGE INVESTMENT FUND 3A, LLC,
WOODBRIDGE MORTGAGE INVESTMENT FUND 4, LLC,
WOODBRIDGE MORTGAGE COMMERCIAL BRIDGE LOAN FUND 1, LLC,
WOODBRIDGE MORTGAGE COMMERCIAL BRIDGE LOAN FUND 2, LLC,
144 WOODBRIDGE-AFFILIATED PROPERTY LIMITED
LIABILITY COMPANIES,
131 WOODBRIDGE-AFFILIATED HOLDING LIMITED
LIABILITY COMPANIES,

            Defendants, and

JERI SHAPIRO,
WOODBRIDGE REALTY OF COLORADO, LLC,
d/b/a WOODBRIDGE REALTY UNLIMITED,
WOODBRIDGE LUXURY HOMES OF CALIFORNIA, INC.,
d/b/a MERCER VINE, INC.,
RIVERDALE FUNDING, LLC,
SCHWARTZ MEDIA BUYING COMPANY, LLC,
WFS HOLDING CO., LLC

            Relief Defendants.

_____/

## ROBERT H. SHAPIRO'S RESPONSE TO SECURITIES AND EXCHANGE COMMISSION'S MOTION TO HOLD ROBERT H. SHAPIRO IN CONTEMPT

Defendant Robert H. Shapiro, through undersigned counsel, files this response to the *Motion to Hold Robert H. Shapiro in Contempt* (the "**Contempt Motion**") [ECF 93] filed by the Securities and Exchange Commission (the "**SEC**") and states:

### Introduction

The Contempt Motion must be denied because the SEC failed to show that Mr. Shapiro is able to comply with the Production Order (defined below) requiring him, as trustee of the RS Protection Trust (the "**RS Trust**"), to produce an accounting of the RS Trust's assets and identify all of its financial accounts (collectively, the "**Financial Information**"). The SEC's motion fails for two reasons. First, the SEC failed to sufficiently show that Mr. Shapiro possesses or controls the Financial Information, much of which is in the possession and control of the Independent Manager (defined below) of the jointly-administered bankruptcy estates in *In re Woodbridge Group of Companies, LLC*[1] (the "**Bankruptcy Case**"). Second, even if Mr. Shapiro had possession or control over the Financial Information, the asset freeze obtained by the SEC restricts the RS Trust's ability to gather the relevant records or to engage the professionals necessary to produce an accounting.

### Background

The RS Trust is not an operating business entity, but rather an express trust formed under the laws of the State of Nevada. As an express trust, the RS Trust is a contractual division of title in which beneficial owners (trust beneficiaries) own property (res) in the name of a legal title holder (the trustee). Most of the known trust rest held in the RS Trust consists of equity ownership interests issued by numerous business entities, most of which are now debtors in the Bankruptcy Case (the filing entities being "**Debtors**," and collectively with the non-filing entities, the "**Res Issuers**"). See ¶¶ 14 *Declaration of Lawrence R. Perkins in Support of the Res Issuers' Chapter 11 Petitions and Requests for First Day Relief* (the "**Perkins Declaration**") [ECF 12] in the Bankruptcy Case, a copy of which is attached hereto as **Exhibit "A."**

---

[1] Main Case No.: 17-12560, Bankr. D.Del.

Prior to the initiation of the Bankruptcy Case, the RS Trust transferred control over and the records of most of the Res Issuers to an independent manager (the "**Independent Manager**"), divesting Mr. Shapiro and the RS Trust of control of the Debtors. *See* ¶¶ 16, 20, 25, and 33 of the Perkins Declaration.

After transferring the RS Trust's interests in the Debtors to the Independent Manager, Mr. Shapiro relinquished all legal control and management of the Debtors' business. Perkins Declaration ¶¶ 34, 36, and 38 ("In short, although RS Protection Trust retains its economic interests in the Debtors, it has relinquished its control rights over them to independent third parties.").

On December 4, 2017, the Debtors initiated their respective Chapter 11 bankruptcy proceedings.

On December 20, 2017, the SEC filed the *Emergency Ex Parte Motion for Asset Freeze and Other Relief* (the "**Asset Freeze Motion**") [EC 5] seeking a Court order freezing Mr. Shapiro's, the RS Trust's, and their affiliates' assets so that they can be preserved for a potential disgorgement. On the same day, the Court granted the SEC's Asset Freeze Motion and entered the *Order Granting Emergency Ex Parte Motion for Asset Freeze and Other Relief* (the "**Production Order**") [ECF 13]. The Production Order imposed an asset freeze (the "**Asset Freeze**") prohibiting Mr. Shapiro, the RS Trust, and their affiliates from acquiring, using, or alienating any of their assets. *Id.*

The Production Order[2] also required Mr. Shapiro and the RS Trust to: (i) produce an accounting of the RS Trust's assets; and (ii) identify all of the RS Trust's accounts, i.e. the Financial Information. *Id.*

In connection with litigation prosecuted by the SEC both in this Court and in the Bankruptcy Case, the SEC aggressively demanded that the Independent Manger deprive Mr. Shapiro of access to business records held at the Woodbridge offices, including records reflecting information about numerous Res Issuers that were organized and incorporated by the various professionals employed by or for Mr. Shapiro and the Res Issuers.

---

[2] As revised by ECF 41.

On February 8, 2018, the SEC filed the Contempt Motion seeking to hold Mr. Shapiro, as trustee of the RS Trust, in contempt for failing to cause the RS Trust to produce its Financial Information.

### Relief Requested and Basis Therefor

The Contempt Motion must be denied because the SEC failed to meet its burden of demonstrating by clear and convincing proof that Mr. Shapiro was capable of (i) producing an accounting of the RS Trust's assets or (ii) identifying all of the RS Trust's assets. As the SEC knows, Mr. Shapiro is incapable of producing the Financial Information because: (i) as a result of the SEC's actions and advocacy in the Bankruptcy Case, Mr. Shapiro does not have access to information necessary to compile and subscribe a sworn accounting; and (ii) the SEC's own Asset Freeze prevents Mr. Shapiro from hiring the necessary professionals to prepare such an accounting.

A party seeking an order of civil contempt bears the burden of demonstrating by clear and convincing proof that contempt is warranted. *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000). This burden requires the movant to show, among other things, that the alleged contemnor "ha[s] the ability to comply with the order" that was violated. *FTC v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010).

The SEC has not shown that Mr. Shapiro is capable of complying with the Production Order or that he possesses, controls, or has reasonable access to the records and documents necessary for compliance. A respondent cannot be compelled to produce documents that he lacks possession or control over. *United States v. Rylander,* 460 U.S. 752, 758 (1983) (holding that a respondent cannot be held in contempt for failing to produce documents or records that are not in his possession or control). Although, the RS Trust is the legal title owner of numerous holding and operating companies, which are in fact beneficially owned by the RS Trust's beneficiaries, Mr. Shapiro is barred from their offices by the Independent Manager at the request of the SEC. Accordingly, Mr. Shapiro cannot be held in contempt for failing to produce the Financial Information.

Even if Mr. Shapiro had access to the books and records held by the Independent Manager and others, he would be unable to comply with the Production Order because all of his and the RS Trust's limited assets are restrained by the Asset Freeze. To comply with the Production Order, Mr. Shapiro and RS Trust would have to (i) pay third parties to

identify and accumulate the Res Issuers' records and (ii) retain and pay professionals to construct an accounting.  The Asset Freeze, which the SEC sought and obtained, freezes all of Mr. Shapiro's and the RS Trust's assets.  Accordingly, even if Mr. Shapiro had the legal capacity to obtain the RS Trust's financial records, he does not have access to sufficient funds with which to obtain those records or prepare an accounting.  The SEC cannot sanction Mr. Shapiro for inaction of third parties, whose participation would be necessary to even attempt compliance.  For this additional reason, Mr. Shapiro cannot be held in contempt for failing to comply with the Production Order

Based on the foregoing, the SEC has failed to meet its burden of demonstrating by clear and convincing evidence that Mr. Shapiro was capable of complying with the Production Order.  Accordingly, Mr. Shapiro cannot be held in contempt of violating the Production Order and the Motion for Contempt must be denied.

To the extent that the SEC sincerely seeks information about the RS Trust's assets and an accounting of the RS Trust, the SEC should seek that information directly from the third parties who possess, control, or have access to that information.  Indeed, much of the information is likely already in the SEC's possession or is expressly set forth in the Perkins Declaration and in the bankruptcy schedules that the Independent Manager has caused or will cause to be filed in the Bankruptcy Case in due course.

**WHEREFORE**, Defendant Robert H. Shapiro respectfully requests an Order of the Court denying the Contempt Motion.

Dated:  February 21, 2018

Respectfully submitted:

*/s/ Elan A. Gershoni*
Ryan D. O'Quinn (FBN: 513857)
ryan.oquinn@dlapiper.com
Elan A. Gershoni (FBN: 95969)
DLA PIPER LLP (US)
200 S. Biscayne Blvd., Suite 2500
Miami, Florida 33131
Telephone:   305.423.8500
Facsimile:     305.437.8131

*Attorney for the Defendant Robert H. Shapiro*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on February 21, 2018, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                            */s/ Elan A. Gerhsoni*
                                            Elan A. Gershoni