UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-24624-CIV-COOKE/GOODMAN

SECURITIES AND EXCHANGE COMMISSION,   )
                                       )
                        Plaintiff,     )
                                       )
v.                                     )
                                       )
ROBERT H. SHAPIRO, et al.,             )
                                       )
                        Defendants.    )
_____)

### SECURITIES AND EXCHANGE COMMISSION'S REPLY IN SUPPORT OF ITS MOTION TO HOLD ROBERT H. SHAPIRO IN CONTEMPT

Robert H. Shapiro's explanation [DE 106] of his failure to cause RS Protection Trust ("RS Trust")[1] to comply with the Accounting Order [DE 13, 41] falls well short of establishing "that he has made in good faith all reasonable efforts to comply." *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998) (alterations and internal quotations omitted). The Court should therefore schedule a show cause hearing and, after the hearing, hold Shapiro in contempt.

When the party seeking contempt makes out a prima facie case, "the burden of production shifts to the alleged contemnor . . . ." *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 984 (11th Cir. 1986). When the defense to contempt consists of inability to comply, the defendant cannot "mere[ly] assert[] . . . inability" but must "introduc[e] evidence in support of his claim." *Id.* (citation and quotation omitted).

> This burden is satisfied by making in good faith all reasonable efforts to comply. We construe this requirement strictly. Even if the efforts he did make were substantial, diligent or in good faith, the fact that he did not make all reasonable efforts establishes that respondent did not sufficiently rebut the prima facie

---

[1] RS Trust has filed a notice of joinder [DE 114] requesting the denial of the Commission's motion.

> showing of contempt. The use of a "some effort" standard for measuring the strength of the defense would be an abuse of discretion.

*Id.* (citations, quotations, and alterations omitted); *see United States v. Rylander*, 460 U.S. 752, 757 (1983) ("[I]n raising [an impossibility of compliance] defense, the defendant has a burden of production.") *Sergeeva v. Tripleton International Ltd.*, 834 F.3d 1194, 1202 (11th Cir. 2016) (respondent properly held in contempt when it "did not establish that [its] violations occurred despite 'all reasonable efforts to comply' in good faith with the District Court's Orders"). The Fifth Amendment does not relieve Shapiro from this burden:

> But while the assertion of the Fifth Amendment privilege against compulsory self-incrimination may be a valid ground upon which a witness [ ] declines to answer questions, it has never been thought to be in itself a substitute for evidence that would assist in meeting a burden of production. We think the view of the Court of Appeals would convert the privilege from the shield against compulsory self-incrimination which it was intended to be into a sword whereby a claimant asserting the privilege would be freed from adducing proof in support of a burden which would otherwise have been his. None of our cases support this view.

*Rylander*, 460 U.S. at 758.

Here, the Commission satisfied its initial burden by showing that Shapiro is the Trustee of RS Trust with plenary power over its affairs. *See United States v. Ali*, 874 F.3d 825, 832 (4th Cir. 2017) (initial burden satisfied when defendant had power of attorney over one company and was secretary-treasurer of two others; "As a corporate officer, [defendant] is a presumptive custodian of corporate records unless she demonstrates otherwise") (citing *Ryland*, 460 U.S. at 761 n.3); *Heinold Hog Market, Inc. v. McCoy*, 700 F.2d 611, 615 (10th Cir. 1983) (prima facie case established when respondent founded and had continuing involvement with the entity); *see also CFTC v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992) (per curiam) (initial burden of proving non-compliance with disgorgement order established when defendant "had not come forward with one dollar"). Even in the context of *criminal* contempt, the Government need not in its prima facie case negate every conceivable explanation for the

2

defendant's non-compliance. *See United States v. Fleischman*, 339 U.S. 349, 360, 362-63 (1950) (Government not required to "negative each" possible "excuse[] for nonaction"; "The possibilities of time and circumstance are of such wide range as to defy inclusive rebuttal"). Therefore, at the hearing, Shapiro will have the burden of proving he made all reasonable efforts to cause RS Trust to comply with the Accounting Order.

Shapiro's response demonstrates his inability to satisfy this burden. He first claims he lacks access to documents necessary to prepare the accounting. The only evidence he submits to support this claim is the declaration of Woodbridge's former restructuring officer filed in bankruptcy court, which says nothing about Woodbridge having possession of RS Trust's records, let alone that these records are necessary to complete the accounting ordered in this District Court case or that Woodbridge has been refusing a request by Shapiro or RS Trust to access them.

Shapiro's proffer of other information relating to his claimed lack of access to RS Trust's records is equally lacking. Shapiro claims (a) "most" of RS Trust's assets are its interests in other entities [DE 106, at 2], and (b) RS Trust transferred to Woodbridge's new management (the "Independent Manager") control over and the records of "most" of these entities. [*Id.* at 3]. However, critical to the accounting are those assets that are *not* an interest in another entity and those entities that are *not* under the control of the Independent Manager,[2] which information remains shrouded in secrecy. Shapiro must have *some* information in his possession because he is able to state that "most" of RS Trust's assets are its interests in other entities. Shapiro does not claim to lack the records relating to the assets and entities not under the Independent Manager's control. Moreover, he proffers nothing about any efforts to retrieve the records he claims he

---

[2]Now that truly independent management controls the Woodbridge entities, the Commission would not object to the Court deeming Shapiro to have complied with the Accounting Order if he accounts for RS Trust's assets other than its interest in entities now controlled by the Independent Manager.

3

lacks access to from Woodbridge or from other sources. Shapiro's do-nothing approach is the opposite of "making in good faith all reasonable efforts" at compliance. Therefore, Shapiro's excuse based on lack of records is factually and legally insufficient.

Shapiro's second excuse is that he and RS Trust lack the financial wherewithal to prepare the accounting as a result of the Asset Freeze Order. However, he neither submits nor proffers any evidence about either the cost of an accounting or the resources available to him to prepare one. While Shapiro claims the "limited assets" of himself and RS Trust are restrained, as the Commission pointed out in response to his Motion to Dissolve or Modify Asset Freeze [DE 92 and 107] Shapiro manages to continue to live a luxurious lifestyle, the freeze notwithstanding, and recently received $675,000. [DE 107, at 12]. In addition, Shapiro and RS Trust both have very able counsel, who are presumably being compensated. Whoever is funding the litigation does not get to choose to pay only for the things they like (i.e., Shapiro's motions to dissolve the asset freeze and to dismiss) while avoiding the parts they don't (i.e., the cost of complying with court orders). Therefore, Shapiro cannot establish that the Asset Freeze Order renders him or RS Trust incapable of complying with the Accounting Order.

## CONCLUSION

For the reasons stated above and in its opening memorandum, the Commission requests that the Court schedule a show cause hearing and, after the hearing, grant its Motion to Hold Robert H. Shapiro in Contempt.

Respectfully submitted,

Dated: February 28, 2018       By: */s/ Russell Koonin & Christine Nestor*
                                           Russell Koonin & Christine Nestor
                                           Senior Trial Counsel
                                           kooninR@sec.gov; nestorc@sec.gov
                                           FL Bar No.: 474479; FL Bar No. 597211
                                           Telephone: (305) 982-6385; (305) 982-6367

        Attorneys for Plaintiff
        **SECURITIES AND EXCHANGE COMMISSION**
        801 Brickell Ave., Suite 1800
        Miami, Florida 33131
        Telephone: (305) 982-6300
        Facsimile:  (305) 536-4154

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 28, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

## SERVICE LIST

Adam L. Schwartz, Esq.
Kevin P. Jacobs, Esq.
Homer Bonner Jacobs
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 350-5116
aschwartz@homerbonner.com
kjacobs@homerbonner.com
*Via CM/ECF*

Ryan Dwight O'Quinn, Esq.
Elan Gershoni
DLA Piper LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131
Telephone:  305.423.8500
Ryan.OQuinn@DLAPiper.com
*Via CM/ECF*

Marcus Neiman & Rashbaum LLP
Jeffrey E. Marcus, Esq.

5

Michael A. Pineiro, Esq.
2 South Biscayne Boulevard
Suite 1750
Miami, Florida 33131
Telephone:  305.400.4262
jmarcus@mnrlawfirm.com
mpineiro@mnrlawfirm.com
*Via CM/ECF*

Armando Rosquete, Esq.
Armando Rosquete, P.A.
66 West Flagler Street, Suite 1000
Miami, Florida 33130
Telephone: 305.470.2060
Armando.rosquete@gmail.com
*Via CM/ECF*

Robert P. Charbonneau, Esq.
Matthew Petrie, Esq.
Agentis PLLC
501 Brickell Key Drive, Suite 300
Miami, Florida 33131
Telephone: 305.722.2002
rpc@agentislaw.com
map@agentislaw.com
*Via CM/ECF*

                                                         /s/ *Russell Koonin*
                                                         Russell Koonin, Esq.