UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-24624-CIV-COOKE/GOODMAN

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT H. SHAPIRO, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN RESPONSE TO
ROBERT H. SHAPIRO'S MOTION TO STRIKE
PRAYER FOR DISGORGEMENT IN COMPLAINT [DE 103]**

Plaintiff, Securities and Exchange Commission, hereby provides the following supplemental authority, where recently, three District Courts held that after *Kokesh v. SEC*, 137 S.Ct. 1635 (2017), the Commission continues to have the legal authority to seek disgorgement and the Courts' equitable power to order disgorgement remains intact.

- *SEC v. Revolutions Medical Corp., et al*, 12-cv-3298-LLM (N.D. GA, March 16, 2018) at 6. (attached hereto as Exhibit A)

  Defendants first argue that the Supreme Court's recent opinion in Kokesh v. SEC, 137 S. Ct. 1635, 1643 (2017)—which classified disgorgement as a "penalty" for statute of limitations purposes—prevents this Court from ordering disgorgement because if disgorgement is a penalty, it is "decidedly a non-equity legal remedy" that is not authorized by statute. Defs. Br., Dkt. No. [277] at 13-15.  However, in Kokesh, the Supreme Court expressly stated that, "[n]othing in this opinion should be interpreted as an opinion on whether courts possess authority to order disgorgement in SEC enforcement proceedings or on whether courts have properly applied disgorgement principles in this context. The sole question presented in this case is whether disgorgement, as applied in SEC enforcement actions, is subject to § 2462's limitations period." Kokesh, 137 S. Ct. at 1642 n.3.

  And as Defendants recognize, every court to address this argument has found that nothing in Kokesh has affected the SEC's legal authority to seek disgorgement.

See, e.g., SEC v. Jammin Java Corp., 2:15-CV-08921-SVW (MRWX), 2017 WL 4286180, at *3-4 (C.D. Cal. Sept. 14, 2017) (collecting cases which hold that Kokesh did not eliminate the SEC's disgorgement remedy and stating, "[a]s it presently stands, Kokesh is best seen as a decision clarifying the statutory scope of § 2462, rather than one redefining the essential attributes of disgorgement."); see also SEC v. Metter, 706 F. App'x 699, 702 (2d Cir. 2017) (stating in an opinion that expressly addresses Kokesh in the excessive fines context that "[t]he district court has broad discretion not only in determining whether or not to order disgorgement but also in calculating the amount to be disgorged."). Because the Eleventh Circuit has expressly recognized disgorgement as a proper remedy in SEC enforcement actions, the Court declines to find that Kokesh has undermined that authority.

- *SEC v. Present,* **14-cv-14692-LTS (D. MA, March, 20, 2018) at 4. (attached hereto as Exhibit B).**

As an initial matter, Present contends that disgorgement is a penalty outside of the Court's equitable authority to order, in light of the Supreme Court's holding in Kokesh that disgorgement is a penalty for purposes of Section 2462. However, Kokesh's holding on the scope of Section 2462 does not undermine First Circuit precedent supporting a court's equitable power to prevent unjust enrichment by ordering disgorgement. See SEC v. Sargent, 329 F.3d 34, 41 (1st Cir. 2003) (distinguishing statutory civil penalties, which "are intended to penalize the defendant for illegal conduct," from equitable disgorgement, which "merely restores a defendant to his original position without extracting a real penalty for his illegal behavior" (internal citations omitted)). Moreover, no court has understood Kokesh to call such authority into question. See, e.g., SEC v. Metter, 706 Fed.Appx. 699, 702 (2d Cir. 2017) (addressing Kokesh and upholding disgorgement order); SEC v. Jammin Java Corp., 2017 WL 4286180 at *2-4 (declining "to upset decades of settled jurisprudence" supporting courts' equitable power to order disgorgement). This Court likewise concludes that its equitable power to order disgorgement remains intact.

- **SEC v. Edward Chen et al., 17-cv-6929 PA (JEMx) (C.D. CA, March 23, 2018) at 6 (attached hereto as Exhibit C)**

Based on [footnote 3 of Kokesh], the Chens contend that disgorgement is no longer an available remedy in SEC enforcement actions, and that the SEC's prayer for disgorgement relief should be stricken or dismissed. This Court concludes that the Supreme Court's explicit statement that it was not opining on the authority of courts to order disgorgement, or whether they have done so correctly, does not overturn binding Ninth Circuit precedent authorizing disgorgement in circumstances such as this. See, e.g., SEC v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013) ("'The district court has broad equity powers to order the disgorgement of 'ill-gotten gains' obtained through the

2

violation of the securities laws.'") (quoting SEC v. First Pac. Bancorp, 142 F.3d 1186, 1191 (9th Cir. 1998)); see also SEC v. Jammin Java Corp., Case No. CV 15-8921 SVW (MRWx), 2017 WL 4286180, at *4 (C.D. Cal. Sept. 14, 2017) ("The [Kokesh] opinion takes no position on the underlying vitality of the disgorgement remedy. This Court therefore takes its cue from the veritable cornucopia of Ninth Circuit precedents upholding disgorgement orders. Just because these precedents may now be undercut is no reason for this Court to ignore them. The decisions of the Ninth Circuit remain binding on this Court absent reconsideration by that Court itself.").

                                                   Respectfully submitted,

Dated: March 26, 2018      By:      /s/ *Russell Koonin & Christine Nestor*
                                                Russell Koonin & Christine Nestor
                                                Senior Trial Counsel
                                                kooninR@sec.gov; nestorc@sec.gov
                                                FL Bar No.: 474479; FL Bar No. 597211
                                                Telephone: (305) 982-6385; (305) 982-6367

                                                Attorneys for Plaintiff
                                                **SECURITIES AND EXCHANGE COMMISSION**
                                                801 Brickell Ave., Suite 1800
                                                Miami, Florida 33131
                                                Telephone: (305) 982-6300
                                                Facsimile:  (305) 536-4154

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                                                         /s/ *Russell Koonin*
                                                                         Russell Koonin, Esq.