UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-24624-Civ-COOKE/GOODMAN

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

vs.

ROBERT H. SHAPIRO, *et al.*,
_____/

## JUDGMENT AS TO DEBTOR DEFENDANTS

      The Securities and Exchange Commission having filed an Amended Complaint and Defendants Woodbridge Group of Companies, LLC ("Woodbridge"), WMF Management, LLC ("WMF"), Woodbridge Structured Funding, LLC ("WSF"), Woodbridge Mortgage Investment Fund 1, LLC ("Fund 1"), Woodbridge Mortgage Investment Fund 2, LLC ("Fund 2"), Woodbridge Mortgage Investment Fund 3, LLC ("Fund 3"), Woodbridge Mortgage Investment Fund 3A, LLC ("Fund 3A"), Woodbridge Mortgage Investment Fund 4, LLC ("Fund 4"), Woodbridge Commercial Bridge Loan Fund 1, LLC ("Bridge Loan Fund 1"), Woodbridge Commercial Bridge Loan Fund 2, LLC ("Bridge Loan Fund 2"), and the 142 Woodbridge-Affiliated Property Limited Liability Companies and 130 Woodbridge-Affiliated Holding Limited Liability Companies (collectively the "Property and Holding Companies" and with and with Woodbridge, WMF, WSF, Fund 1, Fund 2, Fund 3, Fund 3A, Fund 4, Bridge Loan Fund 1, and Bridge Loan Fund 2, "Debtor Defendants"), identified in Appendix A to the *Amended Complaint for Injunctive and Other Relief* (the "Amended Complaint") (ECF No. 147) filed by the Securities and Exchange Commission (the "Commission"), having entered a general appearance; consented to the Court's jurisdiction over Debtor Defendants and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Amended Complaint (except as to jurisdiction), subject to bankruptcy court approval in Debtor Defendants' pending Chapter 11 Bankruptcy Case [Case No. 17-12560-KJC (Bankr. D. DE), the "Bankruptcy Case"], which has been so approved, waived findings of fact and

conclusions of law; and waived any right to appeal from this Judgment, Plaintiff's Amended Unopposed Motion for Entry of Judgment of Permanent Injunction and Other Relief (ECF No. 149) is **GRANTED** as follows:

## I.

## PERMANENT INJUNCTIVE RELIEF

### A.

**Section 5 of the Securities Act of 1933 ("Securities Act")**

**(Against Woodbridge, WMF, WSF, Fund 1, Fund 2, Fund 3, Fund 3A, Fund 4, Bridge Loan Fund 1 and Bridge Loan Fund 2)**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Woodbridge, WMF, WSF, Fund 1, Fund 2, Fund 3, Fund 3A, Fund 4, Bridge Loan Fund 1 and Bridge Loan Fund 2, are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) These Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with these Defendants or with anyone described in (a).

## B.

## Section 17(a)(1) and (3) of the Securities Act

## (Against Debtor Defendants)

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Debtor Defendants are permanently restrained and enjoined from violating Sections 17(a)(1) and (3) of the Securities Act [15 U.S.C. §§ 77q(a)(1) and (3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

with respect to:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person,

(E) the misappropriation of investor funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) These Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with these Defendants or with anyone described in (a).

## C.

## Section 17(a)(2) of the Securities Act

## (Against Woodbridge, WSF, Fund 1, Fund 2, Fund 3, Fund 3A, Fund 4, Bridge Loan Fund 1, and Bridge Loan Fund 2)

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Woodbridge, WSF, Fund 1, Fund 2, Fund 3, Fund 3A, Fund 4, Bridge Loan Fund 1, and Bridge Loan Fund 2, are permanently restrained and enjoined from violating Section 17(a)(2) of the Securities Act [15 U.S.C. § 77q(a)(2)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

with respect to:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person,

(E) the misappropriation of investor funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) These Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with these Defendants or with anyone described in (a).

## D.

## Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rules 10b-5(a) and (c) thereunder

## (Against Debtor Defendants)

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Debtor Defendants are permanently restrained and enjoined from violating, directly or indirectly,

Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rules 10b-5(a) and (c) promulgated thereunder [17 C.F.R. §§ 240.10b-5(a) and (c)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud; or

    (b)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

with respect to:

    (A) any investment strategy or investment in securities,

    (B) the prospects for success of any product or company,

    (C) the use of investor funds,

    (D) compensation to any person,

    (E) the misappropriation of investor funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) These Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with these Defendants or with anyone described in (a).

### E.

### Section 10(b) of the Exchange Act and Rule 10b-5(b) thereunder
### (Against Woodbridge, WSF, Fund 1, Fund 2, Fund 3, Fund 3A, Fund 4, Bridge Loan Fund 1, and Bridge Loan Fund 2)

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Woodbridge, WSF, Fund 1, Fund 2, Fund 3, Fund 3A, Fund 4, Bridge Loan Fund 1, and Bridge Loan Fund 2, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5(b) promulgated thereunder [17 C.F.R. § 240.10b-5(b)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

5

(a) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading;

with respect to:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person,

(E) the misappropriation of investor funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) These Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with these Defendants or with anyone described in (a).

## F.
## Section 15(a) of the Exchange Act
## (Against Woodbridge and WSF)

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Woodbridge and WSF are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act, [15 U.S.C. § 78o(a)], by using the mails or other means or instrumentalities of interstate commerce, to effect transactions in, or to induce or attempt to induce the purchase or sale of securities, without being associated with a broker or dealer that was registered with the Commission in accordance with Section 15(b) of the Exchange Act [15 U.S.C. §78o(b)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) These Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with these Defendants or with anyone described in (a).

## II.

## DISGORGEMENT AND PENALTY

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that upon motion of the Commission, if any, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and/or civil penalty. If disgorgement is ordered, Debtor Defendants shall pay prejudgment interest thereon, calculated from December 4, 2017, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, if any, and at any hearing held on such a motion: (a) Debtor Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Amended Complaint; (b) Debtor Defendants may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Amended Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, if any, the parties may take discovery, including discovery from appropriate non-parties.

## III.

## INCORPORATION OF CONSENT

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Debtor Defendants shall comply with all of the undertakings and agreements set forth therein.

## IV.
## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment. The Bankruptcy Court shall continue to maintain jurisdiction over all such matters to which the Bankruptcy Court has jurisdiction over in the Bankruptcy Case.

## V.
## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE and ORDERED** in chambers, at Miami, Florida, this 21st day of May 2018.

*[signature]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, Magistrate Judge*
*Counsel of record*