UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-24624-Civ-COOKE/GOODMAN

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

ROBERT H. SHAPIRO, *et al.*,

    Defendants.

_____/

**FINAL JUDGMENT AGAINST DEFENDANT ROBERT H. SHAPIRO**

The Securities and Exchange Commission having filed an Amended Complaint and Defendant Robert H. Shapiro ("Defendant" or "Shapiro") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Amended Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph V); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I. PERMANENT INJUNCTIVE RELIEF**

**A.**

**Section 5 of the Securities Act of 1933 ("Securities Act")**

It is hereby **ORDERED and ADJUDGED** that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing

        to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

It is further **ORDERED and ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) The Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Defendant or with anyone described in (a).

### B.
### Section 17(a) of the Securities Act

It is further **ORDERED and ADJUDGED** that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)    to employ any device, scheme, or artifice to defraud;

(b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

with respect to:

> (A) any investment strategy or investment in securities,
>
> (B) the prospects for success of any product or company,
>
> (C) the use of investor funds,
>
> (D) compensation to any person,
>
> (E) the misappropriation of investor funds or investment proceeds.

It is further **ORDERED and ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### C.
### Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder

It is further **ORDERED and ADJUDGED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

> (a)　to employ any device, scheme, or artifice to defraud;
>
> (b)　to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
>
> (c)　to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

with respect to:

> (A) any investment strategy or investment in securities,
>
> (B) the prospects for success of any product or company,
>
> (C) the use of investor funds,
>
> (D) compensation to any person,
>
> (E) the misappropriation of investor funds or investment proceeds.

It is further **ORDERED and ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## D.
### Section 20(a) of the Exchange Act

It is further **ORDERED and ADJUDGED** that Defendant is permanently restrained and enjoined from, directly or indirectly, controlling, as defined in Section 20(a) of the Exchange Act [15 U.S.C. §78t(a)], any person or entity, who violates Section 10(b) and Rule 10b-5 of the Exchange Act [15 U.S.C. § 78j(b) and 17 C.F.R. §240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

unless Defendant acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

It is further **ORDERED and ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**E.**

**Aiding and Abetting Violations of Section 15(a) of the Exchange Act**

It is further **ORDERED and ADJUDGED** that Defendant is permanently restrained and enjoined from, directly or indirectly, aiding and abetting violations of Section 15(a) of the Exchange Act [15 U.S.C. §78o(a)], by knowingly or recklessly providing substantial assistance to any broker or dealer to use the mails or any other means of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security unless that broker or dealer is registered with the Commission in accordance with Section 15(b) of the Exchange Act.

It is further **ORDERED and ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II. DISGORGEMENT AND PREJUDGMENT INTEREST AND CIVIL PENALTY

It is further **ORDERED and ADJUDGED** that Shapiro is liable to the Commission for disgorgement of $18,546,643, representing profits gained as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest thereon in the amount of $2,163,613.69, and a civil penalty in the amount of $100,000,000 pursuant to Section 20(d) of the Securities Act and Section 21(d) of the Exchange Act, for a total of $120,710,256.69. Defendant shall satisfy this obligation by paying $120,710,256.69 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard

Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Robert Shapiro as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair

6

Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

### III. ASSET FREEZE

It is further **ORDERED and ADJUDGED** that if Defendant complies with Section III of this Final Judgment, Relinquishment of RS Protection Trust, the Commission, shall, within 5 days of such compliance, notify the Court. Upon such notification, by operation of this Final Judgment, the Asset Freeze the Court previously entered against Shapiro [DE 13, Section II and DE 41] shall be lifted and extinguished in its entirety.

### IV. SWORN ACCOUNTINGS AND RECORDS PRESERVATION

It is further **ORDERED and ADJUDGED** that if Defendant complies with Section III of this Final Judgment, Relinquishment of RS Protection Trust, the Commission, shall, within 5 days of such compliance, notify the Court. Upon such notification, by operation of this Final Judgment, the Orders requiring Shapiro to provide the Commission Sworn Accountings and to Preserve Records [DE 13, Sections III & IV and DE 41] shall be lifted and extinguished in their entirety.

### V. INCORPORATION OF CONSENT

It is further **ORDERED and ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Shapiro shall comply with all of the undertakings and agreements set forth therein.

### VI. BANKRUPTCY NONDISCHARGEABILITY

It is further **ORDERED and ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final

Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VII. RETENTION OF JURISDICTION

It is further **ORDERED and ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII. RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE and ORDERED** in chambers, at Miami, Florida, this 27th day of December 2018.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, Magistrate Judge*
*Counsel of record*